MARY BENTON et al., complainants,

*v.*

ELIZABETH G. KERNAN et al., defendants.

[Decided July 15th, 1940.]

*Mr. Israel B. Greene,* for the complainants.

*Messrs. Milton, McNulty & Augelli,* for the defendants Elizabeth G. Kernan, individually and as executrix of Louis Kernan, and Kern-O-Mix, Inc.

*Mr. Stanley Gedney,* for the defendants Mary Kernan and Savings Investment Trust Co., trustees under last will and testament of Richard L. Kernan.

STEIN, V. C.

The opinion of the court on final hearing in this cause is reported in *127 N. J. Eq. 434.*

The matter now before the court is the return of a notice by the solicitor of complainants of an application to enter the final decree and for $10,000 counsel fee and costs.

The rule under which fees and costs are allowed in this court to the prevailing party is permissive and never mandatory. Such allowances always rest in the sound discretion of the court and their award or denial is frequently influenced by circumstances collateral to the cause asserted or the defense interposed. The fundamental idea is that the allowance when made shall not in itself work injustice or oppression. That question is occasionally dependent for its disposition upon the effect that the court's decree has had or is likely to have upon the fortune of the victor or vanquished in the litigation. So in *Jersey Land Co.* v. *Gunzenhauser (Court of Errors and Appeals), 117 N. J. Eq. 463* (affirming decree advised by Vice-Chancellor Buchanan, not reported below), the complainant in foreclosure prevailed against an attack on his mortgage security. The result of this adjudication was that the complainant's security stood bettered by about $13,000 of value over that for which he had bargained. With respect to complainant's right to costs, the court said (at *p. 471*) :

"The counter-claim must be dismissed as against the complainant; but under the circumstances mentioned, I think it should be without costs. Complainant is already the recipient of a very considerable benefit, for which (although it be legally and equitably entitled to retain it) it has paid nothing."

The corollary to this is that if a defendant finds himself in the position in which the instant defendants are placed by the decree in this cause, they may well ask to be relieved of the added loss and burden involved in an award of costs and counsel fees against them. Here, what the defendants did

was originally violative of no one's rights. Only the subsequent development of the district and the advent of residences and householders converted what had initially been a lawful use into one of enjoinable nuisance. The injunction here may well have the practical effect of permanently stopping the defendant's quarry business. Certainly this effect must follow if the defendants can not adopt measures to run their business without the annoyance and injury underlying the complaint. In that situation, the defendants lost the economic value of all the stone which lies deposited in the quarry lands consisting of many acres. Those deposits are of great value and the defendants' quarry business is not inconsiderable. Under these circumstances it would not seem fair to add to the defendants heavy loss by imposing upon them the costs of the litigation and also counsel fees. The character of the defense leaves no doubt that it was interposed in good faith. That good faith, coupled with the facts of hardship and loss already mentioned, dictate a denial of counsel fees to the complainant.

Complainants will be allowed the costs of the suit to be taxed, including the sum of $340.20 representing one-half of the court's copy of the testimony taken in the cause, and also $55.18, expenses incurred by the complainants in taking depositions outside of this state.